IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAJI A. ABDULLAH, JR., | No. 4:24-CV-00225 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| GREGORY BRIGGS, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

**OCTOBER 14, 2025**

Plaintiff Taji A. Abdullah, Jr., filed the instant *pro se* Section 1983[1] action in February 2024 regarding his incarceration at Dauphin County Prison (DCP). Following statutory screening and motion practice, his claims have been winnowed to a single Eighth Amendment conditions-of-confinement claim against DCP Warden Gregory Briggs. Because Abdullah has failed to prosecute his case, the Court will dismiss this action with prejudice.

**I.    BACKGROUND**

Abdullah lodged his *pro se* Section 1983 complaint on February 6, 2024.[2] The following month, after Abdullah had submitted the requisite documentation

---

[1]   42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]   Doc. 1.

for his motion to proceed *in forma pauperis*, the Court screened his complaint pursuant to 28 U.S.C. § 1915A(a) and dismissed his lawsuit for failure to state a claim upon which relief may be granted.[3] The Court granted Abdullah leave to amend.[4]

Abdullah timely filed an amended complaint.[5] The Court promptly screened that amended pleading and dismissed most of Abdullah's Section 1983 claims with prejudice for failure to state a claim.[6] The Court permitted the case to proceed on Abdullah's individual capacity Eighth Amendment conditions-of-confinement and First Amendment free exercise claims against Warden Briggs.[7]

Warden Briggs timely waived service and then filed a motion to dismiss.[8] Abdullah did not respond to that motion, and thus it was deemed unopposed.[9] The Court granted in part and denied in part Warden Briggs' motion, dismissing Abdullah's First Amendment free exercise claim but allowing the case to proceed on the individual capacity Eighth Amendment conditions-of-confinement claim.[10] Warden Briggs timely filed an answer[11] to the remaining Eighth Amendment

---

[3] *See generally* Docs. 8, 9.
[4] *See* Doc. 9 ¶ 7.
[5] Doc. 10.
[6] *See generally* Docs. 12, 13.
[7] *See* Doc. 13 ¶ 6.
[8] *See* Docs. 16, 20, respectively.
[9] *See* LOCAL RULE OF COURT 7.6.
[10] *See* Doc. 25.
[11] Doc. 27.

claim, and the Court subsequently issued a case management order establishing the deadlines for fact discovery and dispositive motions.[12]

On February 28, 2025, counsel for Warden Briggs served Abdullah with a first set of interrogatories and requests for production of documents.[13] On April 10, 2025, counsel for Warden Briggs—after obtaining leave of court—noticed Abdullah's deposition at his current facility of incarceration for April 23, 2025.[14] On April 23, 2025, counsel for Warden Briggs traveled to SCI Chester to depose Abdullah.[15] Abdullah, however, declined to participate in the deposition, claiming that he was represented by counsel in the instant case.[16] No attorney, however, has ever entered an appearance on behalf of Abdullah in this matter.

On May 6, 2025, counsel for Warden Briggs again noticed Abdullah's deposition, this time for May 21, 2025,[17] as it was clear that Abdullah remained a *pro se* litigant in this case. On May 21, 2025, counsel for Warden Briggs served Abdullah with a second set of interrogatories.[18]

On June 3, 2025, counsel for Warden Briggs mailed a letter to Abdullah, reminding him of his outstanding discovery obligations, *i.e.*, his overdue responses

---

[12]  Doc. 28.
[13]  *See* Doc. 45-1.
[14]  *See* Doc. 45-3.
[15]  *See* Doc. 45 at 3.
[16]  *See id.*
[17]  *See* Doc. 45-4.
[18]  *See* Doc. 45-5.

to defendant's first set of interrogatories and requests for production of documents.[19]  Abdullah did not respond to that June 3 letter.  On June 27, 2025, counsel for Warden Briggs mailed a second letter to Abdullah, informing him that his response to defendant's second set of interrogatories was likewise overdue.[20]

Due to Abdullah's outstanding discovery responses, Warden Briggs moved for an enlargement of the case management deadlines.[21]  On July 9, 2025, the Court granted that motion and expressly informed Abdullah that he must respond to Warden Briggs' interrogatories and requests for production of documents within 21 days.[22]  The Court further warned Abdullah that failure to comply with these basic discovery requests may result in dismissal of his case with prejudice for failure to prosecute.[23]

The July 30, 2025 discovery deadline came and went without any response from Abdullah.  Counsel for Warden Briggs waited an additional 30 days and then filed the instant motion to dismiss for lack of prosecution.[24]  To date, Abdullah has not responded to this motion, and the time in which to do so has passed.  Warden

---

[19] *See* Doc. 45-6.
[20] *See* Doc. 45-7.
[21] Doc. 41.
[22] Doc. 42 ¶¶ 1-2.
[23] *Id.* (citing *Stubbs v. Bank of Am. Corp.*, 283 F.R.D. 218, 220-22 (D. Del. 2012) (holding that *pro se* litigant's refusal to attend his deposition was grounds for dismissal under Federal Rule of Civil Procedure 37(d) and for failure to prosecute under Rule 41(b))).
[24] *See* Doc. 44; Doc. 45 at 5.

Briggs' motion, therefore, is deemed unopposed.[25] For the following reasons, the Court will grant Warden Briggs' unopposed motion to dismiss for failure to prosecute.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action if "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."[26] A defendant may move to dismiss under Rule 41(b),[27] but district courts also have inherent power to dismiss an action *sua sponte* for failure to prosecute.[28] When determining whether to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, the Court must balance six factors set forth in *Poulis v. State Farm Fire & Casualty Co*.[29] Those factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[30]

---

[25] *See* LOCAL RULE OF COURT 7.6.
[26] FED. R. CIV. P. 41(b).
[27] *See id.*
[28] *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).
[29] 747 F.2d 863 (3d Cir. 1984).
[30] *Id.* at 868 (emphasis omitted).

However, *Poulis* does not provide a "magic formula" or "mechanical calculation" for dismissal of a complaint for failure to prosecute,[31] and not all the *Poulis* factors must be satisfied to warrant dismissal.[32]  The Court will take each factor in turn as it relates to the case at bar.

First, the only party responsible for the nonprosecution of this case is Abdullah.  The defendants have, in all instances, acted diligently and within the timeframes provided by the Federal Rules of Civil Procedure and this Court.  Nor can Abdullah blame an attorney, as he is representing himself.  When a plaintiff is acting *pro se*, he is "solely responsible for the progress of his case."[33]  This first factor, therefore, weighs in favor of dismissal.

The second factor considers prejudice to the defendant.  Warden Briggs is clearly prejudiced here, as he has not received responses to his interrogatories and requests for production of documents, which frustrates his ability to defend against Abdullah's allegations.  There is also prejudice here because the longer this case is delayed, the more likely it is that memories will fade and evidence will grow stale.[34]  Moreover, Warden Briggs' ability to file a potentially dispositive motion for summary judgment under Federal Rule of Civil Procedure 56 is unfairly

---

[31]  *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).
[32]  *See United States v. Brace*, 1 F.4th 137, 143 (3d Cir. 2021).
[33]  *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008).
[34]  *See id.* at 259.

hindered by Abdullah's refusal to participate in basic discovery. Consequently, the second *Poulis* factor also cuts in favor of dismissal.

The Court next considers whether there is a history of dilatoriness. Abdullah has frequently failed to respond to Warden Briggs' motions and has not responded to multiple discovery requests. This type of extreme dilatoriness weighs in favor of dismissal.[35]

In light of the fact that Abdullah's address is current and that mailings to his facility of incarceration have not been returned to sender, it is evident that Abdullah's failure to prosecute is willful and in bad faith. This fourth factor, therefore, weighs heavily in favor of dismissal.

Regarding availability of alternative sanctions, there do not appear to be any.[36] The instant action cannot proceed without Abdullah's involvement, and dismissal is the only viable sanction because Abdullah is indigent and acting *pro se* and is refusing to participate in the litigation of his remaining Eighth Amendment claim. Thus, this *Poulis* factor likewise favors dismissal.

Finally, the Court must consider the meritoriousness of Abdullah's conditions-of-confinement claim. It is possible that Abdullah could succeed on this remaining Eighth Amendment claim, provided that he actually prosecutes his

---

[35] *See id.* at 260 (noting that "[e]xtensive" delay or delinquency can constitute a history of dilatoriness).
[36] *See id.* at 262-63.

case. His allegations, if taken as true and able to be supported by admissible evidence, could establish an Eighth Amendment violation. Thus, this last factor cuts marginally in Abdullah's favor.[37]

The *Poulis* factors, when balanced, clearly militate in favor of dismissal. Five out of six factors support dismissal, and only one factor leans slightly in Abdullah's favor. Additionally, the Court would be remiss if it did not specifically note that Abdullah has not even opposed the instant motion to dismiss for lack of prosecution, the bare minimum expected in these circumstances. Accordingly, the Court will dismiss with prejudice the remaining Eighth Amendment conditions-of-confinement claim against Warden Briggs for failure to prosecute.

## III.   CONCLUSION

Based on the foregoing, the Court will grant Warden Briggs' motion to dismiss for lack of prosecution. Abdullah's remaining individual capacity Eighth Amendment conditions-of-confinement claim against Warden Briggs will be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[37] *See id.* at 263 (explaining that whether a claim has merit is generally judged against the Rule 12(b)(6) standard).